IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MANUEL OLIVARES-LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-003 |
| | ) | |
| FEDERAL BUREAU OF PRISONS; | ) | |
| CORRECTIONS CORP. OF AMERICA; | ) | |
| MCRAE CORRECTIONAL FACILITY; | ) | |
| and WALT WELLS, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the Federal Bureau of Prisons ("BOP"), Corrections Corp. of America ("CCA"), and MCF be **DISMISSED** from this case. The Court further **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED** without prejudice based on

---

[1] Petitioner originally filed his § 2241 petition in the United States District Court for the Middle District of Florida (doc. no. 1) and subsequently filed a motion for summary judgment (doc. no. 9). Due to his failure to use the standard § 2241 habeas corpus form, Petitioner was ordered to file an amended petition. (Doc. no. 10.) After filing his amended petition (doc. no. 11), Petitioner's case was transferred to this Court by the Honorable Virginia M. Hernandez Covington, United States District Judge, due to Petitioner's incarceration at MCF. (Doc. no. 12 (citing 28 U.S.C. § 2241(d)).) Thus, the amended petition (doc. no. 11) is now before the Court for review.

Petitioner's failure to exhaust administrative remedies, and that this civil action be CLOSED.[2]

## I. BACKGROUND

On July 2, 2008, Petitioner plead guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 18 U.S.C. § 846 in the Southern District of Florida. (Doc. no. 11, p. 2); United States v. Olivares-Lopez, CR 108-20232, doc. no. 64 (S.D. Fla. Sept. 12, 2008) (hereinafter CR 108-20232). On September 11, 2008, he was sentenced to eighty-seven (87) months in prison. CR 108-20232, doc. no. 80. On September 10, 2009, Petitioner plead guilty to possession with intent to distribute fifty grams or more of methamphetamine in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) in the Middle District of Florida. (Doc. no. 11, p. 2); United States v. Olivarez-Lopez, CR 505-044, doc. no. 90 (M.D. Fla. Feb. 19, 2010) (hereinafter CR 505-044). Petitioner was sentenced to eighty-seven (87) months in prison to run concurrent with the undischarged term that he was already serving in CR 108-20232. (Doc. no. 11, Attach. 1, p. 10); CR 505-044, doc. no. 96.

Petitioner maintains that he is projected to be released on May 17, 2017, according his sentence of confinement as calculated by the BOP and CCA through MCF. (Doc. no. 11, Attach. 1, p. 2.) However, Petitioner argues that the BOP and CCA have improperly calculated the length of his confinement because his two sentences are supposed to be served concurrently, and therefore the BOP and CCA have failed to credit his sentence in CR 505-

---

[2]As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

2

044 with the nearly two years of time that he had already served due to his conviction in CR 108-20232. (Id.) In other words, Petitioner claims that the total time he has served and will serve in his first sentence should also count as time served in his second sentence. Thus, according to Petitioner, his release date should be July 3, 2014. (Id., Attach. 1, p. 2.)

As stated *supra*, Petitioner is incarcerated at MCF which is owned by CCA, a private corporation, and houses federal prisoners as part of a contract between CCA and the BOP. Petitioner states that he has submitted his argument through the grievance procedure at MCF, but that he was informed that his sentence had been correctly calculated. (Doc. no. 11, p. 3.) Petitioner supplies a copy of a memorandum dated November 4, 2010, from Respondent Wells in response to an appeal that Petitioner filed on October 22, 2010. (Id., Attach. 1, p. 1.) The memo states that Petitioner's appeal could not be granted but that Petitioner could exhaust his remedies through the grievance procedure as described in an October 14, 2008 memorandum that Petitioner was told was posted on the bulletin board of his housing unit. (Id.) Petitioner was also told that his Unit Team would assist him if he needed any guidance regarding the procedure of exhausting his remedies. (Id.) Thus, Petitioner was informed of both his ability to exhaust his administrative remedies as well as how to do so. However, Petitioner chose not to exhaust his administrative remedies and submits that he is not required to do so before filing a § 2241 petition, because the BOP's "Administrative Remedies Procedures" do not apply to him due to his incarceration in a private facility. (Doc. no. 11, p. 3.)

## II. DISCUSSION

### A. Proper Respondent

Along with Warden Wells, Petitioner named the BOP, CCA, and MCF as Respondents in this case. However, none of these are proper respondents because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965).[3] Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at MCF, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that the BOP, CCA, and MCF be **DISMISSED** from this case.

### B. Petitioner Failed to Exhaust Administrative Remedies

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

of exhaustion requirement to claims for computation of sentence credit awards). In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court. Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

In the legal landscape of the Eleventh Circuit, the question of whether the exhaustion requirement in § 2241 is a jurisdictional issue and whether, as a result, a petitioner may assert a futility exception to that requirement, has been an area of shifting sands for many years. In United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), the Eleventh Circuit held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court. This [the petitioner] failed to do. The district court was without jurisdiction to entertain [the petitioner's] application . . ." However, several years later the court stated that "whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 F. App'x 356, 358 (11th Cir. 2006) (*per curiam*) (emphasis added). Subsequently, the Supreme Court's ruling in Bowles v. Russell, 551 U.S. 205, 206, 213-14 (2007), called into doubt the Eleventh Circuit's prior stance that exhaustion in § 2241 petitions is a jurisdictional issue. However, the Eleventh

5

Circuit has recently rejected futility of exhaustion, Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90-91 (11th Cir. 2009) (*per curiam*), and reconfirmed its view that "exhaustion of administrative remedies is jurisdictional." Krist v. Eichenlaub, 386 F. App'x 920, 923 (11th Cir. 2010) (*per curiam*) (quoting Gonzalez, 959 F.2d at 212).

However, prior to the above-cited recent decisions of the Eleventh Circuit, some courts held that under certain circumstances a § 2241 petitioner may seek judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility. Jones v. Zenk, 495 F. Supp. 2d 1289, 1298-1300 (N.D. Ga. July 6, 2007). Courts that apply a futility exception, both in the Eleventh Circuit and beyond, do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller, 11 F.3d at 62; see also Jones, 495 F. Supp. 2d at 1300.[4] Petitioner has shown neither the existence of exceptional circumstances, nor the futility of administrative review. Therefore, if the Court applied the futility exception, Petitioner has not alleged sufficient facts that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court. Fuller, 11 F.3d at 62.

---

[4] In Jones, the petitioner, who challenged 28 C.F.R. § 570.21(a), admitted that he did not attempt to exhaust administrative remedies and requested that the district court excuse his failure because adoption of 28 C.F.R. § 570.21(a) makes it clear that such an effort would be futile. Jones, 495 F. Supp. 2d at 1290, 1296-97. Ultimately, the district court excused the petitioner's failure to exhaust administrative remedies because "[the BOP] has predetermined by rulemaking the issue . . . . What is more, *the BOP has continued to enforce [that] rule in the face of its invalidation by four federal courts of appeals and various district courts in other jurisdictions.*" Id. at 1300 (emphasis added). Here, Petitioner has not argued, and it does not appear, that the BOP is enforcing a regulation "in the face of its invalidation" by various appellate courts, let alone, the Eleventh Circuit Court of Appeals. Rather, Petitioner asserts that all the time he has served and will serve toward his sentence in CR 108-20232 should also count towards his sentence in CR 505-044. (Doc. no. 11, p. 6 & Attach. 1, p. 2.)

However, Petitioner argues that the exhaustion requirement does not apply to him because he is incarcerated at a private prison. (See doc. no. 11, p. 3 (citing 28 C.F.R. § 542.10(b)).) It is true that, by its terms, the Administrative Remedy Program applies only to inmates in "institutions operated by the Bureau" and to inmates "designated to contract Community Corrections Centers" and "does not apply to inmates confined in other non-federal facilities." 28 C.F.R. § 542.10(b). However, Petitioner's reliance upon this language is unavailing because it ignores the fact that administrative remedies were (and remain) available to him.

Simply put, notwithstanding Petitioner's reliance upon the above-quoted language from § 542.10(b), the issue is whether administrative remedies are actually *available* to Petitioner. See Fuller, 11 F.3d at 62 (explaining that exhaustion should only be excused in the "extraordinary circumstances" that administrative remedies are "unavailable" or "patently futile"). "[A] federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (*per curiam*) (quoting United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)). Petitioner's own actions in filing a grievance and an appeal demonstrate that administrative remedies were available to him. (See doc. no. 11, Attach. 1, p. 1.) Furthermore, the availability of the BOP's Administrative Remedy Program to inmates at MCF seeking to challenge the execution of their sentences has been demonstrated in

7

numerous other cases before this Court.⁵ See, e.g., DiVito v. Wells, CV 311-005, doc. no. 1, Attach. 1 (S.D. Ga. Jan. 25, 2011) (demonstrating that inmate at MCF had access to the Administrative Remedy Program through documentation showing the inmate's participation in the program).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the BOP, CCA, and MCF be **DISMISSED** from this case. The Court further **REPORTS** and **RECOMMENDS** that the instant petition brought pursuant to 28 U.S.C. § 2241 be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies, and that this civil action be **CLOSED**.⁶

SO REPORTED and RECOMMENDED this 21st day of January, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

⁵The Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

⁶Also pending before the Court is Petitioner's motion requesting: 1) a declaratory judgment to determine if a "legal right or obligation" exists between Respondents and Petitioner; and 2) that Petitioner's claims be construed as admissions by Respondents under Fed. R. Civ. P. 36. (Doc. no. 16.) In light of the Court's recommendation that Petitioner's petition be dismissed, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion (doc. no. 16) be **DENIED**.